UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER RIVERA,<br>Plaintiff,<br>v.<br>A. SANDS, et al.,<br>Defendants. | No. 2:26-cv-1547 CSK P<br><u>ORDER</u> |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

## I. SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

## II. PLAINTIFF'S COMPLAINT

Named as defendants are Case Record Analysts Ortiz and Sands. (ECF No. 1 at 2-3.) Plaintiff alleges that on or around June 12, 2023, Plaintiff and his brother were charged with "E.E.D. fraud" in the San Joaquin County Superior Court. (Id. at 3.) Although plaintiff's case was separated from his brother's case, the judge ordered that plaintiff and his brother owed $4,235.00 in restitution in total. (Id.) In other words, plaintiff and his brother did not each separately owe $4,235.00 in restitution. (Id.) Plaintiff claims that on December 1, 2023, his brother paid the entire amount owed in restitution by check. (Id.) Plaintiff alleges that around six months later, plaintiff was incarcerated on a different charge. (Id.) Plaintiff claims that, without plaintiff's knowledge, defendants Ortiz and Sands began removing money from plaintiff's trust account to pay the restitution ordered in the E.E.D. fraud case. (Id.) A minute order was sent to the CMF Case Records Office stating that plaintiff no longer owed restitution in the E.E.D. fraud case, but defendants Ortiz and Sands continued to remove money from plaintiff's trust account to pay the restitution in the E.E.D. fraud case. (Id.)

On June 5, 2024, plaintiff filed a grievance explaining that the restitution in the E.E.D. fraud case was fulfilled. (Id. at 4.) This grievance was denied. (Id.) The California Department of Corrections ("CDCR") received another minute order dated June 18, 2024 stating that plaintiff no longer owed restitution in the E.E.D. fraud case. (Id.) Defendants Ortiz and Sands refused to honor this minute order and continued removing money from plaintiff's trust account to pay the restitution in the E.E.D. fraud case. (Id.) On June 20, 2025, plaintiff filed another grievance regarding the actions of defendants Ortiz and Sands. (Id. at 5.) This grievance was denied at the first level. (Id.) Plaintiff appealed the denial of this grievance to the next level, where it was granted and defendants Ortiz and Sands were directed to return $1,829.33 wrongfully taken from

plaintiff's trust account. (Id.) Since the granting of this grievance, defendants Ortiz and Sands refused to reimburse plaintiff the $1,829.33 owed. (Id.)

This Court observes that while plaintiff appears to claim that defendants began taking money out of plaintiff's trust account to pay the restitution after plaintiff's brother paid the restitution in full on December 1, 2023, plaintiff also claims that defendants began removing the money from his trust account to pay the restitution on August 9, 2023. (Id. at 3.)

Plaintiff raises two claims for relief which are discussed below.

## III. DISCUSSION

### A. Claim One

In claim one, plaintiff raises a Fourteenth Amendment due process claim, an equal protection claim and a claim for "deliberately indifferent without fear of prosecution for failing to address my 602 grievances, failing to adhere to Court Direct Orders, and illegally taking my money." (ECF No. 1 at 5.)

1. Due Process

Plaintiff argues that defendants Ortiz and Sands violated his right to due process under the Fourteenth Amendment by failing to provide plaintiff with due process. (Id.) The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful post-deprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. Plaintiff is advised that the California Legislature has provided a remedy for tort claims against public officials in California Government Code, §§ 900, et seq.

This Court first considers plaintiff's claim that defendants Ortiz and Sands began removing money from plaintiff's trust account to pay the restitution after plaintiff's brother paid the restitution in full. Plaintiff also claims that defendants continued to remove the money from his trust account after it was brought to their attention that the restitution had been paid in full.

These allegations indicate that defendants were not authorized to take the money from plaintiff's trust account to pay the restitution. Because California provides a meaningful post-deprivation remedy for this alleged unauthorized intentional deprivation of plaintiff's property, plaintiff does not state a potentially colorable procedural due process claim based on these allegations. For these reasons, this claim is dismissed.

Plaintiff may also be claiming that defendants began removing money from plaintiff's trust account in August 2023 to pay the restitution, which is before plaintiff's brother paid the restitution in full in December 2023. If this is plaintiff's claim, or part of it, plaintiff does not address whether he is entitled to reimbursement for any of the money paid from his trust account before his brother paid the restitution in full in December 2023. Plaintiff shall clarify this matter in an amended complaint, if appropriate. If plaintiff claims that he is entitled to reimbursement of money paid from his trust account before his brother paid the restitution in full, plaintiff shall also address in an amended complaint why a procedural due process claim based on these allegations is not actionable as an unauthorized, intentional deprivation of property based on defendants' refusal to reimburse the money to plaintiff.

2. Equal Protection

An equal protection claim may be established by showing that a defendant intentionally discriminated against a plaintiff based upon his membership in a protected class, see Hartmann v. Calif. Dep't of Corrs. and Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, see Engquist v. Oregon Dept. of Agriculture, 553 U.S. 591, 601-602 (2008)). Plaintiff does not claim that defendants discriminated against plaintiff based on his membership in a protected class or that they treated him differently than similarly situated individuals without a legitimate state purpose. Accordingly, plaintiff's equal protection claim is dismissed.

3. Deliberate Indifference to Prosecution

This Court does not understand the legal basis for plaintiff's claim that defendants were "deliberately indifferent without fear of prosecution..." For this reason, this claim is dismissed.

///

**B. Claim Two**

In claim two, plaintiff claims that he was denied his right to be free from cruel and unusual punishment by defendants' withdrawal of money from his trust account because the withdrawal of this money rendered plaintiff unable to buy food, hygiene, clothing and packages that plaintiff needed to sustain himself. (ECF No. 1 at 5.) This Court construes claim two to raise an Eighth Amendment claim.

The Eighth Amendment imposes upon prison officials the duty to provide humane conditions of confinement; prison officials must ensure that prisoners receive adequate food, clothing, shelter, and medical care. See Farmer v. Brennan, 511 U.S. 825, 833 (1994). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. See id. at 834. A prison official is "deliberately indifferent" if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. See id. at 837. "[D]eliberate indifference entails something more than mere negligence ... [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Id. at 835.

Plaintiff does not plead sufficient facts in support of his Eighth Amendment claim. First, while plaintiff claims he was unable to purchase food, hygiene items, clothing and packages that plaintiff needed to sustain himself, plaintiff does not allege that he was being denied adequate food, hygiene items and clothing. For this reason, plaintiff fails to demonstrate the objective component of an Eighth Amendment claim. Plaintiff also does not plead sufficient facts demonstrating that defendants knew that plaintiff did not have adequate food, hygiene items and clothing, and that their withdrawal of money from plaintiff's trust account prevented plaintiff from purchasing these items. For this reason, plaintiff fails to demonstrate the subjective component of an Eighth Amendment claim. Accordingly, this claim is dismissed.

## IV. LEAVE TO AMEND

For the reasons discussed above, plaintiff's complaint is dismissed with leave to amend. If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about

which he complains resulted in a deprivation of plaintiff's constitutional rights. See e.g., West, 487 U.S. at 48. Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## V. CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 5) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

a. The completed Notice of Amendment; and

b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: August 13, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Rive1547.14/2

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER RIVERA,<br>Plaintiff,<br>v.<br>A. SANDS, et al.,<br>Defendants. | No. 2:26-cv-1547 CSK P<br><br>NOTICE OF AMENDMENT |

Plaintiff submits the following document in compliance with the court's order filed on ______________ (date).

☐ Amended Complaint

(Check this box if submitting an Amended Complaint)

DATED:

________________________________
Plaintiff