UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER RIVERA,<br>Plaintiff,<br>v.<br>A. SANDS, et al.,<br>Defendants. | No. 2:26-cv-1547 CSK P<br><br><u>ORDER</u> |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On August 14, 2026, this Court dismissed plaintiff's complaint with leave to amend. (ECF No. 6.) Pending before the Court is plaintiff's amended complaint. (ECF No. 9.) For the following reasons, plaintiff is ordered to show cause why this action should not be dismissed for his failure to exhaust administrative remedies.

Plaintiff's amended complaint is not filed on a complaint form. Instead, plaintiff's amended complaint consists of a letter addressed to this Court stating that the California Medical Facility ("CMF") and the California Department of Corrections and Rehabilitation ("CDCR") returned money to plaintiff that was wrongly taken from plaintiff's trust account. (<u>Id.</u> at 1.) Plaintiff states that CMF and CDCR then took the returned money back after wrongly claiming that plaintiff owed money for restitution on another case. (<u>Id.</u>) Attached to the amended complaint is a decision by the Office of Grievances dated August 15, 2026 denying plaintiff's

grievance regarding this matter. (Id. at 2-3.) This decision states that if plaintiff is dissatisfied with the decision of this claim, plaintiff may appeal the decision by mailing a CDCR Form 602-2 to the Office of Appeals. (Id. at 3.)

It is well established that the Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a federal civil rights action. See 42 U.S.C. § 1997e(a); Ross v. Blake, 578 U.S. 632, 638-39 (2016); Jones v. Bock, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009). The exhaustion requirement applies to all prisoner suits relating to prison life. See Porter v. Nussle, 534 U.S. 516, 532 (2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, unless "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint." Booth v. Churner, 532 U.S. 731, 736 (2001); see also Ross, 578 U.S. at 640, 642-43). An untimely or otherwise procedurally defective appeal will not satisfy the exhaustion requirement. Woodford v. Ngo, 548 U.S. 81, 90-91 (2006). As discussed in Ross, there are no "special circumstances" exceptions to the exhaustion requirement:

> language is "mandatory": An inmate "shall" bring "no action" (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies.... [T]hat edict contains one significant qualifier: the remedies must indeed be "available" to the prisoner. But aside from that exception, the PLRA's text suggests no limits on an inmate's obligation to exhaust -- irrespective of any "special circumstances."

Ross, 578 U.S. at 638-39 (internal citations omitted).

When it is clear on the face of the complaint that a plaintiff failed to exhaust administrative remedies, dismissal is proper. See Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014).

As discussed above, the Office of Grievances Decision dated August 15, 2026 states that if plaintiff is dissatisfied with this decision, plaintiff may appeal the decision by mailing a CDCR Form 602-2 to the Office of Appeals. (ECF No. 9 at 3.) Plaintiff's ability to administratively appeal the Office of Grievances Decision indicates that further administrative remedies are

available to plaintiff and that plaintiff failed to exhaust administrative remedies. Accordingly, plaintiff is ordered to show cause why this action should not be dismissed based on his failure to exhaust administrative remedies.

Accordingly, IT IS HEREBY ORDERED that within thirty days of the date of this order, plaintiff shall show cause why this action should not be dismissed for his failure to exhaust administrative remedies. Failure to comply with this order will result in a recommendation of dismissal of this action.

Dated: November 10, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Rive1547.ame(2)/2